QUINN EMANUEL URQUHART & SULLIVAN, LLP

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Casey J. Adams (admitted *pro hac vice*)
caseyadams@quinnemanuel.com
51 Madison Ave. 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Twitter, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CASEY WEITZMAN, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

TWITTER, INC.,

Defendant.

Case No.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Twitter, Inc. ("Twitter") hereby removes the above-captioned action from the Superior Court of California, County of San Francisco, to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The action was originally filed in the Superior Court of California for the County of San Francisco and assigned Case No. CGC-23-604035.

Twitter respectfully submits the following in support of its Notice:

**BACKGROUND**

1. On or about January 17, 2023, Plaintiff Casey Weitzman, on behalf of herself and all others similarly situated, commenced this action in the Superior Court of California, County of San Francisco, by filing a Class Action Complaint ("Complaint") with the court. Plaintiff subsequently served a copy of the Summons, Complaint, and related documents on Twitter's registered agent for service of process in California. A copy of the summons and Complaint served upon Twitter on January 20, 2023 is attached to the Declaration of Stephen Broome In Support of Defendant's Notice of Removal of Action To Federal Court ("Broome Declaration") as Exhibit 3.

2. Twitter has not yet responded to Plaintiff's Complaint. Copies of all process, pleadings, and orders served upon Twitter in this action are attached as exhibits to the Broome Declaration as required by 28 U.S.C. § 1446(a).

3. Plaintiff alleges that, in December 2021, a security vulnerability in Twitter's platform allowed "threat actors . . . to scrape information from the accounts of 5.4 million Twitter users." Broome Decl. Ex. 1 ¶ 40.

4. Plaintiff asserts causes of action for Negligence, Negligence Per Se, Unjust Enrichment, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

5. Plaintiff seeks to certify a class consisting of "[a]ll individuals in the United States whose [information] was compromised in the Twitter Data Breach on or about December 2021." Broome Decl. Ex. 1 ¶ 72.

6. On behalf of herself and the putative class, Plaintiff seeks declaratory and injunctive relief, unspecified damages, restitution and all other forms of equitable monetary relief, an award of attorneys' fees, costs, and expenses, as well as pre- and post-judgment interest on any amounts awarded. Broome Decl. Ex. 1 at 23-24, Prayer for Relief.

7. The Complaint is removable on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).

8. Twitter satisfies all procedural requirements, including those of 28 U.S.C. § 1446 and hereby removes this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## GROUNDS FOR REMOVAL

### I. THE REQUIREMENTS FOR REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ARE SATISFIED

9. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at 43 (2005). Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court") (internal citation omitted).

10. "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee,* 574 U.S. at 81; 28 U.S.C. § 1332(d)(2). As shown below, this action satisfies all of the requirements for diversity jurisdiction under CAFA.

11. ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff styles her Complaint a "Class Action" and alleges that she brings it "on behalf of herself and all others similarly situated." Broome Decl. Ex. 1 at 1. Plaintiff's putative class consists of "[a]ll individuals in the United States whose PII was compromised in the Twitter Data Breach which occurred on or about December 2021." *Id.* ¶ 72. Plaintiff alleges that the incident affected 5.4 million Twitter users. *Id.* ¶ 40.

12. ***Minimal Diversity.*** Minimal diversity is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Twitter is a Delaware corporation with its principal place of business in California, and is therefore a citizen of Delaware and California for the purposes of diversity jurisdiction. Broome Decl. Ex. 1 ¶ 13; *see also* 28 U.S.C. § 1332(c). Plaintiff Casey Weitzman alleges that she "is a citizen and resident of the County of Los Angeles, State of California." Broome Decl. Ex. 1 ¶ 11.

13. Upon information and belief, at least one member of the putative nation-wide class of Twitter users is a citizen of a state other than California or Delaware. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (A "defendant's allegations of citizenship may be based solely on information and belief.") *citing Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) ("Other circuit courts have also adopted the sensible principle that, at this early stage in the proceedings, a party should not be required to plead jurisdiction affirmatively based on actual knowledge."). Plaintiff's putative class definition includes "***[a]ll individuals in the United States***" whose data was impacted by the alleged vulnerability, and the Complaint alleges that this group includes 5.4 million individuals. Broome Decl. Ex. 1 ¶ 40 (emphasis added).

14. Although Twitter is not required to make evidentiary submissions in its notice of removal, *Ehrman*, 932 F.3d at 1227, independent research bears out that Twitter's userbase is widely distributed across the nation.[1]

15. ***Amount in Controversy.*** "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 81. Here, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2). The Complaint seeks relief that includes:

a. Damages;

b. Restitution;

c. All other forms of equitable monetary relief;

d. Declaratory and injunctive relief;

e. Attorneys' fees, costs, expenses and interest.

*See* Broome Decl. Ex. 1 at 23, Prayer for Relief.

16. Upon information and belief, the amount in controversy exceeds $5,000,000. Plaintiff asserts four causes of action for Negligence, Negligence Per Se, Unjust Enrichment, and violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* Broome Decl. Ex. 1 ¶¶ 80-118. The putative class consists, according to Plaintiff's allegations, of approximately 5.4 million Twitter users nationwide. *Id.* ¶ 40. Plaintiff does not specify the amount she seeks for any of these claims, but "[w]here this allegation is lacking, a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus.*, 980

[1] *See* Mickey Jackson et al., MOSAIC, *Understanding Who Uses Twitter: State Level Estimates Of Those On Twitter* (Nov. 2021) (finding that percentage of adults who have a Twitter account by state ranges from 20% in Wyoming to 47% in the District of Columbia, with California ranking in 10th place and Delaware in 12th place), *available at* https://mosaic.mdi.georgetown.edu/wp-content/uploads/2021/11/MOSAIC-Methods-Brief-State-Level-Twitter-Use_11092021.pdf.

F.3d 694, 699 (9th Cir. 2020). Assuming that Plaintiff seeks only nominal damages and restitution of $1 per putative class member, the amount in controversy would exceed $5,000,000, even before attorneys' fees are considered. *See, e.g.*, *Stern v. RMG Sunset, Inc.*, 2018 WL 2296787, at *5 (S.D. Cal. May 21, 2018) ("[T]he Court finds that Defendants have met their burden to show that Plaintiff's restitution, punitive damages, and attorney's fees exceeds $5,000,000.").[2]

17. ***Number of Proposed Class Members.*** Plaintiff alleges the putative class includes at least 5.4 million individuals, and thus exceeds 100 members. Broome Decl. Ex. 1 ¶ 40.

18. ***Timeliness.*** This removal notice is timely, as required by 28 U.S.C. § 1446(b). Twitter was served with a summons and the Complaint on January 20, 2023, and files this notice within thirty days of being served. *See* Broome Decl. Ex. 4.

19. ***Venue.*** The United States District Court for the Northern District of California is a federal judicial district embracing the Superior Court of the State of California in the County of San Francisco, where Plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. § 1441.

20. ***No Exceptions Apply.*** The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

## II. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

21. This action, filed in the Superior Court of the State of California, County of San Francisco, is being removed to the Northern District of California, which embraces the place where the action is pending. 28 U.S.C. § 1441.

22. Twitter has also complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on Twitter in the state court are attached to the Broome

[2] Of course, Twitter denies that a class is the proper vehicle for plaintiff's claims, that these calculations are relevant to the amount of actual damages, or that defendant is liable for any such claims. However, "[w]hen measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. . . . The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Stern*, 2018 WL 2296787 at *5 (quotations and citations omitted).

Declaration. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of the State of California in the County of San Francisco, Case No. CGC-23-604035. In addition, Twitter is serving a notice of filing of removal, with a copy of the notice of removal attached thereto, on Plaintiff's attorneys. A copy of the notice and the proof of service of the notice to the Plaintiff are attached to the supporting declaration. *See* Broome Decl. Ex. 8.

23. No previous application has been made for the relief requested herein.

24. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

By this notice, Twitter does not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Twitter intends no admission of fact, law, or liability by this notice, and instead reserves all defenses, motions, and pleas. Twitter prays that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that defendant obtain all additional relief to which it is entitled.

DATED: February 21, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *___/s/ Stephen A. Broome___*
Stephen A. Broome

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Casey J. Adams (admitted *pro hac vice*)
caseyadams@quinnemanuel.com
51 Madison Ave. 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Twitter, Inc.*